## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**PAMELA MARTIN, SUSAN CHANCELOR**
**and FAYE FREEMAN**                                          **PLAINTIFFS**

**vs.**                                  **CIVIL ACTION NO. 3:06cv55-WHB-JCS**

**MASELLE & ASSOCIATES, INC.,**
**MASELLE SCHOOL OF REAL ESTATE, INC.,**
**CENTURY 21 REAL ESTATE. LLC,**
**CENDANT CORPORATION and**
**DAVE DAVIS**                                                **DEFENDANTS**

### AGREED PROTECTIVE ORDER

The Court, having considered the proposed Agreed Protective Order submitted to the Court by Counsel on stipulation by Louis H. Watson, Jr., attorney for Plaintiff Faye Freeman; Grant M. Fox, attorney for Plaintiff Susan Chancelor; John F. Hawkins, attorney for Plaintiff Pamela Martin; Michael F. Myers, attorney for Defendants Maselle & Associates, Inc. and Maselle School of Real Estate, Inc.; Vikki J. Taylor, attorney for Defendant Dave Davis; and Christopher A. Shapley, attorney for Defendants Century 21 Real Estate, LLC and Cendant Corporation, finds that good cause exists to warrant the entry of this Agreed Protective Order. Accordingly,

IT IS HEREBY ORDERED that the following procedures and provisions shall govern the production of documents and information by the parties to this action:

1.  For the purposes of this Protective Order, "Confidential Information" means any information which is designated as "Confidential" by the parties, whether it be a document, information contained in a document, information contained in a response to an Interrogatory, information revealed during a deposition or information otherwise disclosed during discovery. The parties shall designate information as "Confidential" only upon the good faith belief that the information is at least arguably subject to protection.  In addition, if a disclosing party or non-

party witness believes in good faith that certain sensitive confidential information may warrant further additional protection, the disclosing party or non-party witness may designate such information as "Confidential – Attorney's Eyes Only", hereinafter "Restricted Information".

2.  "Confidential Information" and "Restricted Information" shall, without the necessity of further designation, remain confidential and shall not be disclosed in any fashion, nor be used for any purpose other than the preparation for and trial of this action as provided for herein.

3.  "Qualified Person" shall mean and refer to (I) the parties to this action including employees; (ii) counsel for the parties to this litigation, including office associates, paralegals, and clerical employees; and (iii) witnesses, experts, consultants and other persons consulted or retained in connection with this litigation and who have agreed to be bound by the terms of this Protective Order.   "Qualified Person" shall also include the Court, representatives and employees of the Court, and the jury on such terms as the Court in its discretion may deem appropriate.

4.  Prior to being permitted access to "Confidential Information" subject to this Protective Order, a "Qualified Person" shall sign a Certification in the form attached hereto as Exhibit "A" stating that he/she has read and understands the terms of this Protective Order and that he/she will abide by them.  The original of each such Certification shall be retained by Counsel of record for the party permitting the disclosure until the litigation is completed.

5.  "Confidential Information" shall be retained by counsel and shall not be disclosed or made available to any person except a "Qualified Person."  Said "Confidential Information" shall not be used by any "Qualified Person," except solely for the purposes of litigation in this action and shall not be used for any other purposes whatsoever.  The substance or content of "Confidential Information," as well as copies, summaries, notes and memoranda relating thereto,

shall not be disclosed to anyone other than a "Qualified Person." If "Confidential Information" or summaries thereof have been entered into a computerized database, only "Qualified Persons" shall have access to the database.

6. Any document designated as "Restricted Information" and stamped "Confidential – Attorney's Eyes Only" shall be used only in connection with the prosecution or defense of this litigation and may only be disclosed to counsel, including in house counsel, for the parties.

7. Each "Qualified Person" agrees to submit to the jurisdiction of this Court for the purpose of enforcement of this Protective Order, either prior to or following the completion of this action. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Protective Order to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Protective Order.

8. This Protective Order initially protects from disclosure all documents that the producing party designates in good faith as "Confidential" or "Confidential – Attorney's Eyes Only". Upon delivery of any document or other information so designated, any other party may, within ninety days of delivery of the document or other information, send a letter to the producing party challenging any such designations by indicating by bates number range(s) or other sufficient identifying information precisely which document(s) the challenging party asserts are not in fact "confidential." The parties shall confer in a good faith attempt to informally resolve the dispute. If the parties' good faith attempt to resolve any dispute is unsuccessful, the designating party shall by motion move the Court for entry of a protective order regarding the challenged documents. The motion shall be accompanied by a copy of the challenged documents for *in camera* review. The challenged documents shall retain their status

as "Confidential" or "Confidential – Attorney's Eyes Only" hereunder unless and until the Court orders that they be released from such status.

9. If, at the time of trial, counsel for any of the parties attempts to introduce into evidence or use in cross-examination any "Confidential Information" or "Restricted Information", whether as part of a document or deposition testimony or otherwise, counsel for any other party may request the Court to preserve the confidentiality of the "Confidential Information" or "Restricted Information" to the extent and by means the Court deems necessary and appropriate, and any party may oppose such a request pursuant to the Federal Rules of Evidence.

10. Upon the final conclusion (including any appeals) of this action, and at the request of the producing party, all parties and "Qualified Persons" and their counsel shall, within ninety (90) days of the conclusion of this action either (I) return all "Confidential Information" and "Restricted Information" (and all copies thereof) to the producing party (shipping costs to be born by the producing party), or (ii) provide a certification that all "Confidential Information" and "Restricted Information" (and all copies thereof) produced by the producing party have been fully destroyed along with the date of destruction.

A copy of this Protective Order shall be served by ECF on all Counsel of Record within fifteen days of its entry.

SO ORDERED, this the 14th day of December, 2006.

S/James C. Sumner
UNITED STATES MAGISTRATE JUDGE

AGREED AS TO SUBSTANCE AND FORM:

s/ Robert Nicholas Norris
Louis H. Watson, Jr., Esq.
Robert Nicholas Norris, Esq.
520 East Capitol Street
Jackson, Mississippi  39201
Telephone:  (601) 968-0000
***COUNSEL FOR PLAINTIFF FAYE FREEMAN***


s/ Grant M. Fox  _
Grant M. Fox, Esq. (MSB No. 8943)
FOX LAW GROUP
P.O. Box 797
Tupelo, MS 38802-0797
Telephone:  (662) 844-2068
***COUNSEL FOR PLAINTIFF SUSAN CHANCELOR***


s/ C. Edward Gibson
John F. Hawkins, Esq. (MSB No. 9556)
C. Edward Gibson, Esq. (MSB No. 100640)
BARIA, HAWKINS & STRACENER, PLLC
Post Office Box 24627
Jackson, MS 39225-4627
Telephone:  (601) 914-3580
***COUNSEL FOR PLAINTIFF PAMELA MARTIN***


s/ Michael F. Myers
Michael F. Myers, Esq.
CURRIE, JOHNSON, GRIFFIN GAINES & MYERS, P.A.
Post Office Box 750
Jackson, MS  39205
Telephone:  (601) 969-1010
***COUNSEL FOR DEFENDANTS MASELLE & ASSOCIATES, INC.***
***and MASELLE SCHOOL OF REAL ESTATE, INC.***

s/ Vikki J. Taylor
Vikki J. Taylor, Esq.
WATKINS LUDLAM WINTER & STENNIS, P.A.
Post Office Box 427
Jackson, MS  39205-0427
Telephone:  (601) 949-4900
**COUNSEL FOR DEFENDANT DAVE DAVIS**


s/ Joseph Anthony Sclafani
Christopher A. Shapley, Esq. (MSB No. 6733)
Joseph Anthony Sclafani, Esq. (MSB No. 99670)
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
Post Office Drawer 119
Jackson, MS 39205-0119
Telephone:  (601) 948-3101
**ATTORNEYS FOR DEFENDANTS CENDANT CORPORATION
and CENTURY 21 REAL ESTATE, LLC**

## EXHIBIT A

## CERTIFICATION

I, _____ , understand that information

and/or documents which are disclosed to me by counsel of record for

_____ , which are designated as "Confidential" are

**CONFIDENTIAL** and to be used by me solely to assist in the matter of Pamela Martin, Susan

Chancelor and Faye Freeman vs. Maselle & Associates, Inc., Maselle School of Real Estate,

Inc., Century 21 Real Estate, LLC and Cendant Corporation, Civil Action No. 3:06CV-00055-

WHB-JCS, pending in the United States District Court for the Southern District of Mississippi,

Jackson Division.  I further understand that a Protective Order entered by the Court, a copy of

which has been given to me, prohibits me from either using such information or documents for

any other purpose or disclosing such information or documents to any person other than counsel

of record or persons assisting them.  In accepting disclosure, I agree to be bound by the

Protective Order and to be subject to the jurisdiction of the United States District Court for the

Southern District of Mississippi, Jackson Division for the purpose of its enforcement and the

enforcement of my obligations under this Certification.

_____

Signed by Recipient

Dated:_____