**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | |
|---|---|
| **PAMELA MARTIN, SUSAN CHANCELOR<br>and FAYE FREEMAN** | **PLAINTIFFS** |
| **VS.** | **CIVIL ACTION NO. 3:06cv55BA** |
| **MASELLE & ASSOCIATES, INC.,<br>MASELLE SCHOOL OF REAL ESTATE, INC.,<br>CENTURY 21 REAL ESTATE. LLC,<br>CENDANT CORPORATION and<br>DAVE DAVIS** | **DEFENDANTS** |

## ORDER

This matter came before the court on the Motion to Strike Plaintiff Martin's Second Supplement of Expert Witnesses.  The Defendants had earlier moved to strike this Plaintiff's experts; however, the Motion was denied by the court, and the deadline for Martin to completely designate her experts was extended to January 24.  On that date, Martin served a supplemental designation, which the Defendants contend is still inadequate.  In particular, the Defendant complains that witness Buddie Barksdale[1] did not sign her report.  That deficiency has since been remedied by delivery of a report signed by Barksdale.  The Defendants also contend that the report is inadequate because it fails to set out the witness's compensation.  However, Martin provided the payments made to Barksdale to date, noting that they had not agreed upon future compensation, but would supplement her discovery responses when the figure was available.  The court finds that these technical omissions are insufficient to justify striking the expert witness.

---

[1]The Plaintiff refers to Barksdale as "Dr. Barksdale," an appellation that the Defendants characterize as "disingenuous," as it does not appear that she is either an M.D. or a Ph.D.  The distinction is irrelevant for purposes of this discussion and is a matter that can be clarified during *voir dire*.

With regard to the report itself, the Defendants claim that it is substantively inadequate, in light of the requirements of Fed. R. Civ. P. 26(a)(2)(B), which requires an expert's report to include "a complete statement of all opinions to be expressed and the basis and reasons therefor [and] the data or other information considered by the witness in forming the opinions." Barksdale's report is five pages long. It chronicles Martin's childhood, marriage, and work history with the Defendants. The report details the complaints of sexual harassment that were described by Martin to Barksdale and the effects of that harassment on her. The last six paragraphs of the report describe the physical, mental and emotional effects of the alleged harassment. Barksdale concludes that Martin "still suffers depression, anxiety, nightmares, headaches, memory and concentration difficulties, anger, nervousness, a lack of energy and problems with sleep." The Defendants' characterization of the last two sentences of this report as a "bald assertion" is without support, as the basis for those sentences is contained in the lengthy report. Finally, the Defendants argue that the report is deficient in failing to specify whether Barksdale relied on anything other than her interviews of Martin, noting that the designation referred to "pertinent documentation." The court finds that the report satisfies the requirements of Rule 26(a)(2)(B), and the motion to strike Barksdale as an expert witness will be denied, except that Martin will be given a short period of time within which to identify to the Defendants any documentation relied upon by Barksdale.

The Defendants have also moved to strike Martin's treating physicians as expert witnesses. In her supplemental designation of experts, Martin identified two doctors – Dr. Perry and Dr. Sivils. Dr Perry's opinion was described as follows:

> Her opinions will be based on the Plaintiff's history, diagnosis, treatment and prognosis. Dr. Perry is expected to rely on the plaintiff's medical records and to testify consistent therewith. Dr. Perry is expected to give a medical opinion as to the emotional and psychological status of the Plaintiff prior to her employment with Dave Davis and Maselle School of Realty.

With regard to Dr. Sivils, the Plaintiff stated:

> His opinions will be based on the Plaintiff's history, diagnosis, treatment and prognosis.  Dr. Silvis is expected to rely on the plaintiff's medical records and to testify consistent therewith.  Dr. Silvis is expected to testify as to his treatment of Plaintiff following her employment with Dave Davis and Maselle School of Realty including but not limited to his decision to presribe anti-depressants to Plaintiff.

Uniform District Court Rule 26.1(A)(2)(f) very specifically describes what is required to designate

a treating physician:

> A party shall designate treating physicians as experts pursuant to this rule, but is only required to **provide the facts known and opinions held by the treating physician(s) and a summary of the grounds therefor**.

The above requirement cannot be met by the mere production of medical records; a written summary

of the facts known and the opinions held by the treating physician, and a summary of the supporting

grounds, must be given to counsel opposite.  Here, the designations, even after the Plaintiff was

permitted to supplement them, are inadequate.  Moreover, the Defendants argue that they have not

received the medical records on which their opinions rely.  For these reasons, the court is of the

opinion that the Motion to Strike should be granted as to Dr. Perry and Dr. Sivils.

   IT IS, THEREFORE, ORDERED that the Defendants' Motion to Strike is hereby **granted**

in part and **denied** in part, as described above.  Plaintiff Martin shall identify and produce any

documents used by Barksdale to form her opinion on or before March 9, 2007.

   IT IS SO ORDERED, this the 28th day of February, 2007.

                    S/Linda R. Anderson
                    UNITED STATES MAGISTRATE JUDGE