```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION
```

PAM MARTIN, SUSAN CHANCELOR,
AND FAYE FREEMAN                                         PLAINTIFFS

VS.                           CIVIL ACTION NO. 3:06-cv-55-WHB-LRA

MASELLE & ASSOCIATES, INC.,
MASELLE SCHOOL OF REAL ESTATE, INC.,
and DAVE DAVIS                                           DEFENDANTS


## OPINION AND ORDER

This cause is before the Court on three post-judgment motions filed the parties. The first and second Motions are the Motions of Plaintiff Pam Martin to Set Aside Clerk's Assessment of Costs or, in the Alternative, to Hold Assessment of Costs in Abeyance Pending Appeal ("Motions to Set Aside"). The Third Motion is the Motion of Defendant Dave Davis for Award of Attorney's Fees ("Motion for Attorney's Fees"). The Court has considered the pleadings, the attachments to the pleadings, as well as supporting and opposing authorities and finds that the Motions to Set Aside should be denied in part, and granted in part. The Court additionally finds that the Motion for Attorney's Fees is not well taken and should be denied.


## I.  Procedural History

On July 2, 2007, this Court entered an Opinion and Order by which Plaintiffs' claims arising under Title VII of the Civil

Rights Act of 1964 were dismissed with prejudice, and Plaintiffs' state law claims were dismissed without prejudice.  A Final Judgment to this effect was entered the same day.  A Notice of Appeal, appealing the decision of this Court to the United States Court of Appeals for the Fifth Circuit, was filed on July 27, 2007.

On July 30, 2007, Defendants Maselle & Associates, Inc. ("M & A"), and the Maselle School of Real Estate, Inc. ("School"), filed a joint Bill of Costs, which was taxed by the Clerk of Court on July 31, 2007.  On August 3, Defendant Dave Davis ("Davis") filed a Bill of Costs, which was taxed by the Clerk of Court on August 8, 2007.  On August 8, 2007, Plaintiff Pam Martin ("Martin") filed two motions seeking to set aside these costs.  Martin has also filed an objection to the Motion for Attorney's Fees that was filed by Davis on August 16, 2007.

## II.  Discussion

### A. Motion to Set Aside Clerk's Assessment of Costs or, in the Alternative, to Hold Assessment of Costs in Abeyance Pending Appeal

In her Motions to Set Aside, Martin first argues that the costs taxed by the Clerk of Court should be set aside because a Notice of Appeal has been filed in this case.  On this issue, Rule 54.2 of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi provides, in relevant part:  "Except as provided by statute or

rule, an appeal of the final judgment shall not affect the taxation of costs."  As Martin has not cited to any statute or rule that contradicts the Local Rules of this Court, the Court finds no reason for setting aside the costs as taxed by the Clerk of Court on the basis that a Notice of Appeal has been filed.

Second, Martin argues that the costs taxed in this case should be set aside because they are duplicative and excessive.[1]  Martin, however, has not presented any argument in support of this conclusory allegation, and has not cited to any specific portion of the costs claimed by Defendants in order to demonstrate that they are excessive and/or duplicative.  Accordingly, the Court finds no basis for setting aside the costs as taxed by the Clerk of Court on these grounds.

Third, Martin argues that the award of costs should be set aside because it "is inequitable and frustrates the furtherance of justice."  Contrary to this position, Rule 54(d) of the Federal Rules of Civil Procedure provides, in relevant part:  "[C]osts other than attorneys' fees shall be allowed as of course to the

---

[1]  Martin argues that the costs are duplicative because some of the costs sought by Defendants M & A and the School, are the same as those sought by Defendant Davis, and *vice versa*.  The record shows that Plaintiffs sued Davis in his individual capacity, and that he has been represented throughout this litigation by an attorney employed at a different law firm than the individuals/law firm that provided counsel for M & A and the School.  Under these circumstances, the Court finds that the costs incurred by Davis are separate and distinct from those incurred by M & A and the School.

prevailing party unless the court otherwise directs." Thus, even in the absence of bad faith or vexatious conduct on the part of Plaintiffs in pursuing their Title VII claims, costs may be awarded under Rule 54(d) to the prevailing Defendants on that claim. See Jones v. City of San Antonio, 568 F.2d 1244, 1226 (5th Cir. 1978). Accordingly, the Court finds no basis for setting aside the costs as taxed by the Clerk of Court on this grounds.

Finally, in the event the costs taxed by the Clerk of Court are not set aside, Martin requests that the Court hold the assessment of costs in abeyance pending appeal. The Court finds Martin's request is well taken to the extent that Defendants will be precluded from attempting to recover their costs from Plaintiffs until the issues on appeal have been decided, and the mandate is issued by the appellate court.


**B.  Motion of Defendant Dave Davis for Award of Attorney's Fees**

As a successful litigant, Davis has moved for attorneys' fees pursuant to 42 U.S.C. § 1988. On the issue of attorneys' fees, Rule 54 of the Federal Rules of Civil Procedure provides, in relevant part:

> (A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.
>
> (B) Unless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment; must specify the judgment and

>     the statute, rule, or other grounds entitling the moving
>     party to the award; and must state the amount or provide
>     a fair estimate of the amount sought.  If directed by the
>     court, the motion shall also disclose the terms of any
>     agreement with respect to fees to be paid for the
>     services for which claim is made.

FED. R. CIV. P. 54(d)(2).

In the case *sub judice*, the record shows that Final Judgment was entered on July 2, 2007.  Davis, however, did not file his Motion for Attorney's Fees until August 16, 2007.  As Davis did not file his Motion for Attorney's Fees within fourteen days after the date on which the Final Judgment was entered, the Court finds he has waived his right to attorneys' fees.  Accordingly, the Court finds that Davis's Motion for Attorney's Fees should be denied. See Romaguera v. Gegenheimer, 162 F.3d 893, 895 (5th Cir. 1998) (explaining that "to be entitled to attorneys' fees, a party must (1) request attorneys' fees in its pleadings and (2) file a timely motion for attorneys fees under Rule 54(d)(2) within fourteen days after the entry of final judgment," and that "a party's failure to file a timely motion for attorneys' fees under Rule 54(d)(2) serves as a waiver of the request.").  United Indus., Inc. v. Simon-Hartley, Ltd., 91 F.3d 762, 766 (5th Cir. 1996) ("A party seeking attorneys' fees must make a timely Rule 54(d)(2)(B) motion unless it falls under a 54(d) exception.").

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motions of Plaintiff Pam Martin to Set Aside Clerk's Assessment of Costs or, in the Alternative, to Hold Assessment of Costs in Abeyance Pending Appeal [Docket Nos. 256, 257] are hereby granted in part, and denied in part.  To the extent these Motions seek to set aside the Clerk's assessment of costs, the Motions are denied.  To the extent the Motions seek to bar Defendants from recovering their costs until the United States Court of Appeals for the Fifth Circuit enters its decision on appeal, the Motions are granted.

IT IS FURTHER ORDERED that Defendant Dave Davis's Motion for Award of Attorney's Fees [Docket No. 260] is hereby denied.

SO ORDERED this the 5th day of October, 2007.

> s/ William H. Barbour, Jr.
> UNITED STATES DISTRICT JUDGE